ACME HARVESTING MACHINE COMPANY, Appellant, v. BROWN, Respondent.

(143 N. W. 128.)

**Sales—Warranty—Operation and Effect—Sample Machine.**

A contract with a harvesting machinery manufacturer pro-

vided that its agent should settle for all machines damaged by lack of proper shelter and care, and should not deliver machinery except upon a blank form furnished by company, or permit any machine to be returned until purchaser had complied with such order, that the agent should give every purchaser one of manufacturer's printed warranties; on failure to do which he forfeited manufacturer's warranty to him, the warranty providing, in case a machine failed to fulfill it, for notice to dealer and to manufacturer, and for reasonable time for instructions to be given or to put machine in order, and that machinery could not be returned without instructions from manufacturer. The agent gave the note in suit for a sample machine, which he had permitted to stand exposed to the weather, and sold it without requiring purchaser to sign manufacturer's order. It failed to operate properly and was unsatisfactory, and was returned without any attempt to comply with requirement of the warranty as to notice to manufacturer. Held, that, the machine having been furnished by plaintiff to defendant as a sample, to be settled · for under the contract settlement, the warranty to defendant did not cover said machine, in absence of evidence that it was so intended, or that the defects were not caused by exposure to weather.

McCoy, J., concurring in the result.

(Opinion filed Oct. 6, 1913.  Rehearing denied Nov. 17, 1913.)

Appeal from Circuit Court, Beadle County.  Hon. Alva E. Taylor, Judge.

Action by the Acme Harvesting Machine Company against F. M. Brown, to recover upon a promissory note given in settlement under an agency contract.  From a judgment for defendant upon a directed verdict, and from an order denying a new trial, plaintiff appeals.  Reversed and remanded, with instructions.

*Preston, Wagner & Tym,* for Appellant.

There was no proof received at the trial which disclosed that Brown ever bought this machine under this express warranty—or under any warranty whatever.

This agency contract is the usual commission contract, made by the payee of the note and Brown as a selling agent, wherein and whereby Brown was to act as the agent of the plaintiff, under this special agency contract.

Under exhibit "B," attached to the contract, it provides that this machine as such sample machine, is to be settled for at the end of the selling season at the agreed price of $120.  That is

just the amount of Brown's note, which he gave under this agreement in full settlement for this machine.

Attention is also called to par. 7 of the contract, requiring defendant to deliver to purchaser the order blank, etc., and, failing to do those things, he violated his contract.

Myers, who purchased this machine, never obtained any warranty whatever. with it.  It was not sold on an order, it was not the property of the plaintiff.

The defendant failed to establish the express warranty set out in his answer, and the only evidence of a special warranty that was received in evidence is what appears upon the back of this agency contract, which plaintiff put in evidence.

This machine was a sample machine only in the hands of Brown and he used it for that purpose.  He allowed it to become rusty, exposed, and he treated it as his own machine.  And the evidence shows that the machine cut well, elevated the grain all right, but it would not bind because it was apparently rusty, evidently from want of proper treatment.

If the expert Wheeler, in the summer of 1909, went out and attempted to start this machine that Brown had paid for the season before and became the unqualified owner of without any warranty, then Wheeler acted as Brown's agent, and anything that he did or said in 1909, cannot be charged up to the plaintiff in this case.

The evidence was wholly insufficient to justify the verdict.

*Null & Royhl,* for Respondent.

Appellant proved the warranty in question.   The warranty was proven and established. and admitted in evidence as a part of their own case, and under that established warranty, respondent proved a breach thereof.

The evidence of the respondent proved conclusively that the machine would not do "good and efficient work for which it is intended when properly operated."

The testimony shows that the machine in question was sold to one Myers, who with the assistance of the appellant's expert, Wheeler, attempted to make the machine work.  That they worked with the machine one whole day and were not successful in making the binder perform its function, at which time the expert gave up the job.

Respondent complied with the conditions of the warranty proved.

It was within the knowledge of two of appellant's agents, the blockman, Mr. Heckman, and the expert, Mr. Wheeler, that this machine was sold, and that same was to be started. That at least one of these parties, Mr. Wheeler, worked on the machine, and attended it for one day in the field. That he was an expert employed by the company for the purpose of starting Acme harvesters at that season of the year. That said Wheeler had knowledge that the machine could not be made to work and that it would not "do good and efficient work for which it is intended when properly operated." And the testimony shows that Mr. Wheeler gave up in his attempt to start same and make it run properly and that the machine was returned next day. Harvester Co. v. Barkley, 22 S. D. 466.

This knowledge by both agents is binding on the appellant. Regardless of this, it appears that respondent wrote the appellant, at the head office, and that the general agent of the company was also notified, at Aberdeen.

POLLEY, J. On or about the 1st day of June, 1908, the plaintiff and defendant entered into a written contract, whereby the defendant was to become the agent of the plaintiff for the sale of its harvesting machinery at Huron, S. D., for the season of 1908. By the terms of this agreement, the defendant was to keep all goods supplied by the plaintiff "well stored out of the weather," and that, at the time of making settlement under the contract, he would "settle for all machines and attachments used as samples, damaged by lack of proper shelter and care or taken from original packages, at the prices specified in Exhibit 'B.'" The contract contained the further stipulation: "Said agent agrees not to deliver any machinery except upon a written order or blank form furnished by said company; also not to exchange or permit any machine to be returned or refund any payment, by reason of an alleged defect, until purchaser has fully complied with conditions of said order, and written notice has been sent to said agent and to Acme Harvesting Machine Company, Aberdeen, and reasonable time allowed to remedy any alleged defect. And said agent agrees to account to said company, in cash, at time of settlement, for all machines delivered, exchanged, returned, or on

which payments may have been refunded in violation of the foregoing."

Certain instructions ,which were made a part of the contract, contained the following: "You (meaning the defendant) are to give every purchaser one of our printed warranties with each machine you sell, which will be sufficient guarantee that the machine will work as represented; but, if you fail to give the purchaser our printed warranty, showing just what the machine is warranted to do, you thereby forfeit our warranty to you."

This warranty was printed on the back of the contract, and was as follows: "Any machine of our make is guaranteed to do good and efficient work for which it is intended when properly operated. The purchaser shall have one day to give it a fair trial; should the implement then fail to fulfill this warranty, notice is to be given at once to the dealer from whom the machine was purchased, and after the dealer has used his best efforts, and should the machine still fail to fulfill the warranty, then both the purchaser and the dealer are to give immediate notice to Acme Harvesting Machine Company, at Peoria, Illinois, or their authorized general agent, stating wherein the machine fails to fulfill the warranty, and a reasonable length of time is to be allowed for instructions to be given, or, if necessary, the sending of a person to put it in order or to remedy the defects, if any, the purchaser rendering any necessary assistance and furnishing suitable means, etc., when, if it cannot be made to fulfill the warranty, he shall return it to the place where received, free of charge, and in as good condition as when received, and a new machine will be given in its place, or the notes and money will be refunded. Under no circumstances will the machine be allowed to be returned without an understanding and direct instructions from Acme Harvesting Machine Company. If notice of difficulty is not received, as above stated, it will be conclusive evidence of satisfaction."

At the time of making the contract, plaintiff shipped to defendant a machine, described as "one 8-foot Acme Queen Binder, with tongue truck." This machine was set up by the defendant in his yard, and used by him as a sample machine during the season of 1908. In October of that year plaintiff and defendant had a settlement, and defendant, having this machine on hand, purchased it from plaintiff, in accordance with the terms of the

agency contract, and gave plaintiff the note, payable November 1, 1909, that is the subject of this action. The machine, after being set up in defendant's yard in June, 1908, was allowed to stand there in the weather until about the 1st day of August, 1909, when he sold it. The purchaser immediately took it to a farm, about seven miles from Huron, where he attempted to harvest a field of grain with it. Defendant procured a field man of plaintiffs, whose business it was to set up and start plaintiff's harvesting machines, to go with the purchaser to set up and start the machine in question. This he attempted to do; but the machine would not work, and on the next day or the day following the purchaser, without giving defendant or plaintiff any notice that the machine was defective, other than a telephone message to defendant, to the effect that the machine would not work, and that he was on the road fetching it back, hauled it back to Huron, and left it standing on the right of way of the Northwestern Railway track. The evidence shows that the machine would cut and elevate the grain and press the bundle, but that it would not tie the knot. The only defect in the machine, as it appears from the evidence, was that "the needle wouldn't get far enough to the kotter to let it tie." Whether this was the result of an inherent defect in the machine itself, or whether it was caused by the machine having stood out in the weather for so long a period of time, does not appear; but the purchaser of the machine testified that, when they took it into the field, and tried to make it work, they found they "had to take it pretty near all apart to get the rust off of it."

No attempt was made by the defendant, or his vendee, to repair or replace the defective part of the binder; neither did either of them attempt to comply with the conditions of the warranty, by giving notice to the plaintiff company, at Peoria, Ill., or to any of its authorized agents, stating wherein the machine failed to fulfill the warranty, or allow any time whatever for instructions to be given or for the sending out of a person to put the machine in order, or to remedy the defects. In fact defendant did not give the purchaser of the machine one of plaintiff's printed warranties at the time of the sale, nor did he require him to sign a written order blank furnished by the plaintiff, as he was expressly required to do by the terms of his contract. During the week that the machine was returned, defendant notified one of

plaintiff's salesmen, known as a blockman, that the machine had been returned, on the "ground that they could not make it work," and on the 7th day of the following month defendant notified the company, by writing to its general agent at Aberdeen, S. D., as follows: "Huron, S. D., Sept. 7, 1909. Acme Harvst Co., Aberdeen, S. D. Gents—On July 31st I sold to Ben and George Myers one 8-foot Acme binder, and let your man Wheeler go out and start the binder, and get settlement for same, which he did not do, and the next day the above parties returned the binder, claiming the same would not work. Now, I gave a note for the binder, payable, I think, October 1, 1909, for $120, which I will refuse to pay, as you people did not make the binder work as guaranteed by you, and the binder is here at your disposal, so please have this note cancelled and returned to me. Yours truly, F. M. Brown."

The defendant, in his answer, admitted the execution of the note, then set up the warranty above quoted, and pleaded a breach thereof as a defense to the note. At the close of all the evidence, the court directed a verdict for the defendant, and judgment was entered accordingly. Plaintiff's motion for a new trial was based upon alleged errors of law in the admission and exclusion of evidence by the trial court, and upon the insufficiency of the evidence to support the verdict. In the latter contention, we are of the opinion that appellant is right. In the first place, the defendant did not purchase the machine in question under the express warranty set out on the back of the agency contract. This machine was one that was furnished by the plaintiff to the defendant as a sample to be used by him in making sales of other machines, and the undisputed evidence shows that it was under the clause of the contract, first above quoted, that the machine in question was purchased by defendant at the termination of the season's contract. There is no evidence to show, and it is not to be presumed, that the plaintiff furnished this machine to the defendant to be used by him as a sample, and to be left standing out in the weather for one or any number of seasons, as the case might be, and then warrant it to do efficient work. It would, at least, be incumbent upon the defendant to show that the defects that were found in the machine, when they undertook to use it, existed when it was delivered to the defendant by the plaintiff.

There is nothing whatever in the record to support defendant's theory that the special warranty and accompanying conditions above set out were intended to apply to the machine in question. This is apparent from the conduct of the defendant himself, for, when he sold the machine, he did not require the purchaser to sign one of plaintiff's written orders, or make any attempt to comply with the conditions of the warranty, or to plead or prove any matter that would give him the right of rescission.

These views render it unnecessary to consider the other assignments of error. The judgment and order appealed from are reversed, and the case is remanded, with instructions to the trial court to enter judgment for the plaintiff for the amount sued for, and for costs.

McCOY, J., concurs in result.